MARY I. MUMFORD, JOHN 1. MUMFORD and DANIEL E. DUNSCOMB, administrators of John P. Mumford,

v.

JOHN B. MURRAY.

When a solicitor has been duly appointed by a party, and has acted as such, he can not be displaced by the appointment of another solicitor, without an order of the court.

The functions and duties of a solicitor, are in this state, analogous to those of an attorney in the courts of law.

UPON the petition of Daniel E. Dunscomb, one of the complainants. The facts appearing on this petition, are so fully stated in the chancellor's opinion, that no farther explanation seems necessary.

1825.<br>7th, 8th & 14th<br>March.<br><br>Practice.<br>Solicitors.

THE CHANCELLOR. The three complainants in this suit, are the administrators of John P. Mumford deceased. In November 1820, they jointly appointed Mr. Warner their solicitor, to prosecute this suit, and since that time, he has conducted it, as their solicitor. On the twenty seventh day of January last, Mary I. Mumford and John I. Mumford, two of the complainants, appointed Mr. Bulkley their solicitor, in this suit; and notice of this appointment, was given to Mr. Warner. The appointment of Mr. Bulkley was filed in the office of the assistant register, but no order of the court has been obtained, allowing Mr. Bulkley, to take the place of Mr. Warner. On the twenty ninth day of January last, a decree was entered, by which it is adjudged, that all proceedings in this suit, shall be perpetually stayed, and that the defendant is discharged from the cause of action. This decree was entered by the assistant register, as a decree by consent of parties; and the consent of Mr. Bulkley as solicitor for Mary I. Mumford and John I. Mumford, was given. Daniel E. Dunscomb the other complainant, did not join in the appointment of Mr. Bulkley; he has given no consent to the decree; he objects to Mr. Bulkley's authority and acts; and he now asks relief against the decree thus entered. Mr. Warner has not consented to relinquish his station or his

14th March.

rights as solicitor for all the complainants ; and he has given no assent to the decree entered upon the consent of Mr. Bulkley.

It is the undoubted right of the parties in a suit, to appoint their own solicitors at pleasure ; but when a solicitor has been duly appointed and has acted in the suit, he can not be displaced by the appointment of another solicitor, without an order of the court. This restriction is necessary, to preserve regularity in the conduct of suits, and to prevent the confusion and abuses which might ensue, if a party were at liberty to change his solicitor, without any control from the court. Without this restriction, a solicitor might be deprived of his lien for costs ; the proceedings might be delayed or entangled by repeated changes of solicitors ; and the court could never know, when a cause is legitimately before it, by the true representatives of the parties. This case is one example of the disorders which might take place in the prosecution and defence of suits, if every party were at liberty to change his solicitor, without any control from the court. Mr. Warner insists, that he is the solicitor of all the complainants ; Mr. Bulkley claims to be the solicitor of two of them ; and both these solicitors have been acting or claiming to act, in the conduct of the suit, at the same time. The right of a party to change his solicitor at pleasure, is never disallowed, unless it appears, that the change would deprive the solicitor previously appointed of his rights, or would in some manner, unduly embarrass the course of justice in the cause. Upon these general reasons, it is an established practice, that a party who desires to change his solicitor, must obtain an order of the court, for that purpose ; and the appointment of a new solicitor to take the place of one who is acting legitimately, is not effectual, until the substitution is allowed by the court.

In the courts of law, the substitution of one attorney for another, is not valid, until it is allowed by the court, in which the suit is depending. But it is urged, that in the English chancery, an order allowing the change of a solicitor, is not necessary ; and some cases are cited, in which it is said, that a party can not change his clerk, without leave of the court, but that no order of the court is required, when

he changes his solicitor. This rule, by which the practice of the courts of law is applied to a clerk but not to a solicitor, is evidently founded upon the peculiar division of duties between solicitors and clerks, in the English chancery : and even there, the idea, that a party may change his solicitor, without leave of the court, seems not to have been satisfactory to lord Eldon. Twort v. Dayrell 13 Vesey 196. In this court, the function and duties of a solicitor, are entirely analogous to those of an attorney in the courts of law ; and there can be no solid reason for any difference of practice, between courts of law and those of equity, in this respect. The practice of the courts of law, is founded upon sound reasons, which are equally applicable to courts of equity : and when a solicitor is appointed to take the place of a solicitor who is discharged by his client, the practice of this court has, I understand, uniformly been, to obtain an order allowing the substitution. This practice must be enforced ; and Mr. Bulkley having acted as solicitor, without any order admitting him as solicitor, in the place of Mr. Warner, the decree entered by Mr. Bulkley's consent, must be vacated.

The complainant Daniel E. Dunscomb alleges by his petition, that the release executed by the other two complainants, to the defendant, and the compromise upon which it was founded, were fraudulent ; and the parties to the compromise and release, wholly deny this allegation. This question can not be decided upon the petition and the affidavits now presented. It must be brought before the court, in some other course of proceedings ; in which, the facts and the pretensions of the parties, concerning the recent compromise and release, may be duly investigated. To give time for that purpose, the order made on the thirty first day of January last, that all proceedings in this cause, be stayed until the farther order of the court, is continued in force.